IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

OMAR RIOS COLON, on behalf of himself and all others similarly situated,

                        Plaintiff,

      - against -

DECISIONONE CORPORATION,

                        Defendant.

--------------------------------------------------------------X

Case No.: 23 Civ. 5346 (JMA)(ARL)


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S RENWED MOTION FOR DEFAULT JUDGMENT

Troy L. Kessler
Garrett Kaske
Benjamin Goldstein
**KESSLER MATURA P.C.**
534 Broadhollow Rd., Ste 275
Melville, NY 11747
Phone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com
bgoldstein@kesslermatura.com


*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

Introduction ........................................................................................................................1

Facts ..................................................................................................................................1

I.      Plaintiff's Work as a Field Service Technician .......................................................1

II.     Defendant's Payroll Practices .................................................................................2

ARGUMENT ......................................................................................................................3

I.      Defendant Failed to Answer the Complaint, Despite Being Properly Served ..................3

II.     The Court Should Grant Default Judgment on Both Causes of Action ...........................3

        A.  All the Preliminary FLSA and NYLL Elements Were Pleaded in the Complaint ...........4

            1.  FLSA Jurisdiction Prerequisite .............................................................................4

            2.  Plaintiff was an Employee of Defendant, the Employer ..........................................5

        B.  A Private Right of Action Exists Under NYLL § 191 .................................................5

        C.  Defendant is Liable for the Late Payment of Wages ...................................................6

            1.  Defendant Violated the Plain Language of the NYLL ............................................6

            2.  Defendant Violated the FLSA's Prompt Payment Requirement. ...........................9

III.    Plaintiff is Owed $4,492.61 in Damages and Costs .....................................................9

        A.  The Statute of Limitations Under the FLSA Covers a Portion Oo Plaintiff's Employment While the NYLL Captures the Remainder ...................................................10

        B.  Plaintiff is Owed $3,995.22 in Liquidated Damages and Statutory Damages ...............10

        C.  The Court Should Order Defendant to Pay Post-Judgment Interest and an Automatic 15% Increase in the Value of the NYLL-Based Judgment, Before Post-Judgment Interest, Pursuant to Sections 198(4) and 663(4) of the NYLL, if the Judgment Goes Unpaid After 90 Days ...................................................12

        D.  Plaintiff's Request for Costs of $540.08 is Reasonable ...............................................13

Conclusion .........................................................................................................................13

i

## TABLE OF CONTENTS

PAGE(S)

**CASES**

*Adams v. City of New York*,
    2021 WL 1791182 (S.D.N.Y. May 5, 2021) ............................................................... 7

*Beh v. Cmty. Care Cos. Inc.*,
    2021 WL 3914297 (W.D.N.Y. Feb. 1, 2021) ............................................................. 6

*Belizaire v. RAV Investigative & Sec. Servs. Ltd.*,
    61 F. Supp. 3d 336 (S.D.N.Y. 2014) ..................................................................... 7, 8

*Brito v. Marina's Bakery Corp.*,
    2022 WL 875099 (E.D.N.Y. Mar. 24, 2022) ......................................................... 7, 8

*Callejas v. Hitano Servs., Inc.*,
    2016 WL 11440079 (E.D.N.Y. Aug. 10, 2016) ......................................................... 9

*Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*,
    699 F.3d 230 (2d Cir. 2012) ...................................................................................... 9

*Coley v. Vannguard Urban Improvement Assoc.*,
    2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018) ......................................................... 10

*Cooke v. Frank Brunckhorst Co., LLC*,
    722 F. Supp. 3d 127 (E.D.N.Y. 2024) ...................................................................... 8

*Cordova v. Envi World LLC*,
    2025 WL 2589044 (E.D.N.Y. Sept. 8, 2025) ........................................................... 10

*Culajay v. P.M.F. Steel Corp.*,
    2018 WL 1936457 (E.D.N.Y. Feb. 21, 2018) ........................................................... 9

*Diaz v. Rene French Cleaners, Inc.*,
    2022 WL 4646866 (E.D.N.Y. Aug. 29, 2022) ............................................... 10, 12, 13

*Dominici v. Bd. of Educ. of City of Chicago*,
    881 F. Supp. 315 (N.D. Ill. 1995) ............................................................................. 8

*Euson v. TRC Engineers, LLC*,
    2025 WL 2591847 (N.D.N.Y. Sept. 8, 2025) ........................................................... 5

*Feliciano v. JPJ Franklin LLC*,
    No. 25 Civ. 1929 (E.D.N.Y. Aug. 14, 2025) ........................................................... 8

*Franco v. City of Victorville*,
    2009 WL 10668439 (C.D. Cal. Sept. 23, 2009) ....................................................... 8

*Fustok v. ContiCommodity Servs., Inc.*,
   873 F.2d 38 (2d Cir. 1989) ......................................................................... 9

*Garzon v. Building Servs. Inc.*,
   2025 WL 1871171 (S.D.N.Y. July 2, 2025) ................................................ 6

*Gorski v. State*,
   23 Misc. 3d 327, 874 N.Y.S.2d 347 (Ct. Cl. 2008) .................................... 8

*Grant v. Global Aircraft Dispatch, Inc.*,
   223 A.D.3d 712 (2d Dep't 2024)................................................................. 5

*Hart v. Rick's Cabaret Int'l, Inc.*,
   967 F. Supp. 2d 901 (S.D.N.Y. 2013) ........................................................ 5

*Jacobs v. New York Foundling Hosp.*,
   577 F.3d 93 (2d Cir. 2009) ......................................................................... 4

*Jacome v. Optical 49, Inc.*,
   2021 WL 3375134 (E.D.N.Y. July 9, 2021) ......................................... 12, 13

*Levy v. Endeavor Air Inc.*,
   638 F. Supp. 3d 324 (E.D.N.Y. 2022) ........................................................ 7

*Lopez v. J&L Sky Contractors Corp.*,
   2025 WL 1859690 (E.D.N.Y. July 7, 2025)............................................ 5, 6

*Ntalianis v. B & A Contracting of Landmark, Inc.*,
   2019 WL 3716510 (E.D.N.Y. Feb. 27, 2019) ......................................... 4, 9

*People v. Grass*,
   257 A.D. 1 (1st Dep't 1939)....................................................................... 9

*Rodriguez v. Almighty Cleaning, Inc.*,
   784 F. Supp. 2d 114 (E.D.N.Y. 2011) ........................................................ 9

*Rogers v. City of Troy, N.Y.*,
   148 F.3d 52 (2d Cir. 1998) ......................................................................... 7

*Rosenbaum v. Meir*,
   2023 WL 2305960 (E.D.N.Y. Mar. 1, 2023).............................................. 7

*Sarit v. Westside Tomato, Inc.*,
   2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020) ............................................. 8

*Sorto v. Diversified Maint. Sys.*,
   2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020) ............................................ 7

*Strain v. Sw. Airlines Co.*,
  2025 WL 1384156 (E.D.N.Y. May 13, 2025) ................................................ 8

*Tacuri v. Nithin Constr. Co.*,
  2015 WL 790060 (E.D.N.Y. Feb. 24, 2015) ................................................ 12

*United States v. Klinghoffer Bros. Realty Corp.*,
  285 F.2d 487 (2d Cir. 1960) ................................................ 9

*Vega v. CM & Assoc. Constr. Mgt., LLC*,
  107 N.Y.S.3d 286 (1st Dep't 2019) ................................................ 5

*Williams v. Miracle Mile Properties 2 LLC*,
  2022 WL 1003854 (E.D.N.Y. Feb. 1, 2022) ................................................ 7

**FEDERAL STATUTES**

28 U.S.C. § 1961 ................................................ 12, 13

29 U.S.C. § 201 ................................................ 1

29 U.S.C. § 203(r) ................................................ 4

29 U.S.C. § 203(s) ................................................ 4

29 U.S.C. § 255 ................................................ 10

**NEW YORK STATUTES**

N.Y. Lab. Law § 191(1)(a) ................................................ 6, 7

N.Y. Lab. Law § 198 ................................................ 1, 10, 11, 13

**LEGISLATION**

2025 Sess. Law News of N.Y. Ch. 56 (S. 3006-C, Part U) ................................................ 1, 6

**OTHER AUTHORITIES**

N.Y. Dep't of Lab., Op. Ltr, No. RO-08-0061 (December 4, 2008) ................................................ 6

N.Y. Dep't of Lab. Op. Ltr., No. RO-09-0066 (May 21, 2009) ................................................ 6

## INTRODUCTION

Defendant DecisionOne Corporation ("DecisionOne" or "Defendant"), an information technology ("IT") support services company, employed Plaintiff Omar Rios Colon as a Field Services Technician.  Plaintiff travelled throughout New York State to repair, maintain, and install large IT machines for Defendant's clients.  In contravention of Article 6 of the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Defendant failed to pay Plaintiff on a timely basis.

Plaintiff filed suit on July 13, 2023,[1] to remedy the violations of his wage-and-hour rights. Plaintiff served Defendant via New York's Department of State.  Defendant failed to answer and defaulted.  Plaintiff previously filed a Motion for Default Judgment on November 3, 2023.  On June 20, 2024, this Court denied Plaintiff's motion without prejudice, pending clarification from the New York Court of Appeals as to whether a private right of action exists under the NYLL.  In denying the prior motion, this Court granted leave to renew once the question was clarified.  While the Court of Appeals has not ruled on the issue, the New York State Legislature has since confirmed that a private right of action exists under NYLL § 191, with a modified measure of damages.  *See* N.Y. Lab. Law § 198; 2025 Sess. Law News of N.Y. Ch. 56 (S. 3006-C, Part U) § 2; *see also infra* Arg. ¶ II(B).

Plaintiff now renews his motion for a default judgment.  This renewed motion conforms the damages sought to the New York Legislature's amendment to NYLL § 198.  Plaintiff also asks that the Court order Defendant to pay post-judgment interest and, if applicable, the automatic increase provided for by the NYLL for late-paid judgments.

---

[1] Although Plaintiff filed this action as a putative class action lawsuit, he only seeks to enter a default judgment on behalf of himself.

1

## FACTS

### I.    Plaintiff's Work as Field Service Technician.

DecisionOne provides IT support services to businesses in the retail, transportation, healthcare, and government sectors.  *See* Ex. A ¶ 4 (Rios Colon Decl.); Ex. B (Webpage).  The company bills itself as "the largest global independent technology support organization in the TPM [third party maintainer] and ISO [independent services operator] markets.  *See* Ex. C (LinkedIn).  Further, the company states that it "maintains the largest W-2 field workforce of all TPMs and ISOs that provide support and professional services."  *See id.*  As part of their business, DecisionOne sends employees, titled Field Service Technicians, to their clients across the United States to maintain and install various types of IT machines. *See* Ex. A (Rios Colon Decl.) ¶¶ 4-6; Ex B (Webpage); DE 1 (Compl.) ¶¶ 1-2.

Plaintiff started working for DecisionOne as a Field Service Technician on May 21, 2018 and ended employment in December 2022.  *See* Ex. A (Rios Colon Decl.) ¶ 1; Ex. A-1 (Offer Letter); DE 1 (Compl.) ¶ 12.  DecisionOne hired Plaintiff as a full-time employee to travel to clients in New York and maintain and install machines, such as printers, self-check-out machines, cash registers, and credit card machines.  *See* Ex. A (Rios Colon Decl.) ¶ 4; Ex. A-1 (Offer Letter); DE 1 (Compl.) ¶¶ 1, 16.  Plaintiff performed most of his work in Suffolk County, Nassau County, Queens County, Kings County, and Bronx County, New York.  *See* Ex. A (Rios Colon Decl.) ¶ 8.

Plaintiff's job entailed substantial physical work. *See* Ex. A (Rios Colon Decl.) ¶ 7; DE 1 (Compl.) ¶¶ 16, 47. Each workday, Plaintiff drove to Defendant's clients.  *See* Ex. A ¶ 6 (Rios Colon Decl.).  At each client site, Plaintiff removed tools from his automobile and carried them into the job site.  *See* Ex. A (Rios Colon Decl.) ¶ 7; DE 1 (Compl.) ¶ 16.  Once onsite, he often had to move heavy machines to gain access to necessary components and wiring.  *See* Ex. A (Rios Colon Decl.) ¶ 7.  Plaintiff also had to open and close machines with his tools to remove and install

machine parts. *See id*. The physical work amounted to well over 25% of his total work time. *See id.*; DE 1 (Compl.) ¶¶ 16, 47.

## II.      Defendant's Payroll Practices.

DecisionOne paid Plaintiff biweekly; that is, every other week. *See* Ex. A (Rios Colon Decl.) ¶ 10; Exs. A-2-A-4 (Paystubs); DE 1 (Compl.) ¶¶ 3, 22, 48. Payday occurred one week after the end of each pay period. *See* Ex. A (Rios Colon Decl.) ¶ 11; DE 1 (Compl.) ¶ 23. Thus, Plaintiff would not receive his pay for the first week in each pay period, until two weeks after. *See* Ex. A (Rios Colon Decl.) ¶¶ 11-17; DE 1 (Compl.) ¶ 23. For example, DecisionOne paid Plaintiff on December 28, 2018, for the period starting on December 8, 2018, and ending on December 21, 2018. *See* Ex. A (Rios Colon Decl.) ¶ 12; Ex. A-2 (Paystub). For the period between December 7 and December 20, 2019, Plaintiff received his wages on December 27, 2019. *See* Ex. A (Rios Colon Decl.) ¶ 14; Ex. A-3 (Paystub). DecisionOne paid each paycheck to Plaintiff on the same biweekly schedule. *See* Ex. A (Rios Colon Decl.) ¶ 11; DE 1 (Compl.) ¶¶ 22-23.

## <u>ARGUMENT</u>

## I.      Defendant Failed to Answer the Complaint, Despite Being Properly Served.

The Complaint was filed on July 13, 2023. *See generally* DE 1 (Compl.). Defendant was served via the New York State Secretary of State on July 27, 2023. *See* DE 7 (Aff. of Service). Defendant's time to answer expired on August 17, 2023. *See* Kaske Decl. ¶ 5; DE 7. Counsel for Plaintiff then sent a letter with the Complaint to Defendant's headquarters via FedEx overnight mail on August 23, 2023, advising Defendant of the default and offering time to cure. *See* Kaske Decl. ¶ 7. Still, Defendant did not answer the Complaint or otherwise appear in this action. *See id.* ¶ 8. At Plaintiff's request, the Clerk entered a notice of default as per Rule 55(a) of the Federal Rules of Civil Procedure. *See* DE 8 (Cert. of Default).

Defendant has neither appeared in this action nor contacted Plaintiff's counsel. *See* Kaske Decl. ¶ 8. Further, Defendant is not in active military service, as it is a corporation. *See id.* ¶ 9.

Plaintiff is serving this motion at Defendant's headquarters, pursuant to Local Civil Rule 55.2(c), simultaneous to filing this motion. *See* Kaske Decl. ¶¶ 7, 10-11; Ex. B (Webpage) (providing Defendant's address); *see also* Ex. A-2 (Paystub) (noting same).

## II.    The Court Should Grant Default Judgment on Both Causes of Action.

Defendant's default establishes an admission of all well-pleaded allegations. *Ntalianis v. B & A Contracting of Landmark, Inc.* ("*Ntalianis II*"), No. 16 Civ. 5934, 2019 WL 3716510, at *1 (E.D.N.Y. Feb. 27, 2019), *adopted*, 2019 WL 3714828 (E.D.N.Y. Mar. 22, 2019). The Court must determine the defendant's liability, as a matter of law, based on these allegations. *Id.* Considering this standard, this brief shows that Plaintiff: (A) was a covered employee working for covered employer under the FLSA and NYLL; and (B) Defendant violated the NYLL and FLSA by paying him late.

### A.    All the Preliminary FLSA and NYLL Elements Were Pleaded in the Complaint.

#### 1.    FLSA Jurisdiction Prerequisite.

The FLSA only applies to employee-employer relationships that meet the requirements for "enterprise coverage" or "individual coverage." *See Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009). Enterprise coverage applies where an "enterprise" is "engaged in commerce or in the production of goods for commerce," in that it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203 (r), (s)(1)(A); *Jacobs*, 577 F.3d at 96-97. Further, the enterprise must have an annual gross volume of sales of business that is not less than $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii). The FLSA defines an enterprise as "the related activities performed . . . by any person or persons for a common business purpose." *Id.* § 203(r); *Jacobs*, 577 F.3d at 97.

As pleaded in the Complaint, DecisionOne falls under enterprise coverage.  *See* DE 1 (Compl.) ¶¶ 28-31.  DecisionOne considers itself a "global independent technology support organization" and provides services related to IT machines that were moved in or produced through interstate commerce.  *See supra* Facts § I.  Plaintiff's job entailed travel throughout New York to work on such machines.  *See id.*; DE 1 (Compl.) ¶ 17.  Furthermore, given the size of DecisionOne's workforce and its global footprint, the company surely does business exceeding the $500,000 FLSA requirement.  *See supra,* Facts § I; DE 1 (Compl.) ¶ 31.   As a result, enterprise coverage is satisfied.

### 2.    Plaintiff was an Employee of Defendant, the Employer.

The FLSA and NYLL only apply to employees employed by employers.  *See Hart v. Rick's Cabaret Int'l, Inc*., 967 F. Supp. 2d 901, 922 (S.D.N.Y. 2013).  In this case, DecisionOne hired Plaintiff to work full-time and paid him on an IRS Form W-2, removing taxes from his paycheck and offering benefits only given to employees.  *See* Ex. A-2 (Offer Letter); Ex. A-2-A-4 (Paystubs); DE 1 (Compl.) ¶¶ 14-15.  Thus, Plaintiff and Defendant engaged in an employer-employee relationship.

### B.  A Private Right of Action Exists Under NYLL § 191.

A private right of action exists under NYLL § 191.  The New York Appellate Division's First and Second Departments were previously split on whether such private right of action exists. *Compare Vega v. CM & Assoc. Constr. Mgt., LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019), *with Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dep't 2024).  While the New York Court of Appeals has not ruled on the issue, the New York State Legislature has resolved the split in authority by amending Section 198 of the NYLL to "now explicitly state[] that it provides a private cause of action for violations of Section 191(a)[.]"  *Lopez v. J&L Sky Contractors Corp*., No. 24 Civ. 7661, 2025 WL 1859690, at *17 (E.D.N.Y. July 7, 2025); *accord. Euson v. TRC Engineers,*

*LLC*, No. 5:24 Civ. 1168, 2025 WL 2591847, at *9 (N.D.N.Y. Sept. 8, 2025) ("Because these amendments appear to apply here and override any split between the various courts related to how the previous version of Section 198(1-a) should be interpreted, the Court finds that Section 198(1-a) does indeed provide for a private right of action related to a payment frequency violation of Section 191(1)(a)."); *Garzon v. Building Servs. Inc.* No. 24 Civ. 5429, 2025 WL 1871171, at *10 (S.D.N.Y. July 2, 2025) ("These revisions to the statute reinforce my conclusion that the prior version of the statute provided a private right of action[.]"). The amendment to "appl[ies] to causes of action pending" as of May 9, 2025, like this one. *See* 2025 Sess. Law News of N.Y. Ch. 56 (S. 3006-C, Part U) § 2. *See also Lopez*, 2025 WL 1859690, at *17, n. 4 (discussing retroactive application).

### C.  Defendant is Liable for the Late Payment of Wages.

Because Defendant paid Plaintiff on a biweekly basis, instead of within seven days after the end of each workweek, Defendant is liable for the failure to pay timely wages under the NYLL and FLSA.

#### 1.  Defendant Violated the Plain Language of the NYLL.

The NYLL requires employers to pay "manual workers" no more than seven days after the end of each workweek. N.Y. Lab. Law § 191(1)(a). Manual workers are employees that perform physical labor. *Beh v. Cmty. Care Cos. Inc.*, No. 19 Civ. 1417, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021) ("[C]arpentry workers, cooks, wait staff, grocery store employees, janitorial staff, hotel maids, airport chauffeurs, and pizzeria workers have been found to be 'manual workers.'" (collecting authorities), *adopted*, 2021 WL 3914320 (W.D.N.Y. June 23, 2021). An employee qualifies as a manual worker if more than 25% of their workday is devoted to physical labor. *See* N.Y. Dep't of Lab., Op. Ltr, No. RO-08-0061 (December 4, 2008). Physical labor includes a wide array of activities. N.Y. Dep't of Lab. Op. Ltr., No. RO-09-0066 (May 21, 2009).

Plaintiff was a manual worker.  *See supra* Facts § I; DE 1 (Compl.) ¶¶ 16, 18.  His duties were primarily physical in nature, including carrying tools and moving, fixing, and installing large IT machines.  *See supra* Facts § I; DE 1 (Compl.) ¶ 16.  Furthermore, Plaintiff spent more than 25% of his time on those physical duties.  *See supra* Facts § I; DE 1 ¶ (Compl.) 47.

The plain language of NYLL § 191 obligated Defendant to pay Plaintiff within seven days after the end of each workweek.  N.Y. Lab. Law § 191(1)(a).  Nevertheless, Defendant paid Plaintiff on a biweekly basis, with the payday falling one week after the end of the pay period.  *See supra* Facts § II; DE (Compl.) ¶¶ 3, 22-23.  Thus, payment for the first week of each pay period was late.  *See e.g., Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 326-27 (E.D.N.Y. 2022) (denying motion to dismiss NYLL § 191 claims with allegations of biweekly pay); *Williams v. Miracle Mile Properties 2 LLC*, No. 20 Civ. 3127, 2022 WL 1003854, at *9 (E.D.N.Y. Feb. 1, 2022) (Linsday, Mag.) (recommending a default judgement in favor of plaintiff who was paid every other week); *Sorto v. Diversified Maint. Sys.*, No. 20 Civ. 1302, 2020 WL 7693108, at *1 (E.D.N.Y. Dec. 28, 2020).  Defendant, therefore, violated Section 191 of the NYLL.

**2.  Defendant Violated the FLSA's Prompt Payment Requirement.**

The FLSA imposes a prompt payment requirement.  *Rogers v. City of Troy, N.Y.,* 148 F.3d 52, 55 (2d Cir. 1998); *Brito v. Marina's Bakery Corp*., No. 19 Civ. 828, 2022 WL 875099, at *11 (E.D.N.Y. Mar. 24, 2022).  This obligation flows from Section 206(a) of the FLSA.  *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 353 (S.D.N.Y. 2014) (collecting Second Circuit cases).

When considering whether a payment of wages was not sufficiently prompt, Courts consider what caused the delayed payment and whether the delays were reasonable.  *Adams v. City of New York*, No. 16 Civ. 3445, 2021 WL 1791182, at *8-9 (S.D.N.Y. May 5, 2021) (collecting cases).  Courts apply an objective analysis.  *Rosenbaum v. Meir*, No. 20 Civ. 4520, 2023 WL

2305960, at *5 (E.D.N.Y. Mar. 1, 2023). Delays have been found to be unreasonable when they result from the employer's own incompetence or unwillingness to make timely payments, despite the ability to do so. *See, e.g.*, *Belizaire*, 61 F. Supp. 3d at 359 ("In this Court's view, a delay of more than two weeks between the end of a weekly pay period and the issuance of a paycheck is unreasonable."); *Franco v. City of Victorville*, No. 07 Civ. 7670, 2009 WL 10668439, at *5 (C.D. Cal. Sept. 23, 2009) ("[City's] computer programming error is objectively unreasonable."); *Dominici v. Bd. of Educ. of City of Chicago*, 881 F. Supp. 315, 320 (N.D. Ill. 1995) ("An employer may not set up an inefficient accounting procedure and then claim it is not responsible for timely payment of wages due to its own incompetence.").

NYLL § 191 is "a corollary" to the FLSA's prompt-payment mandate. *Gorski v. State*, 23 Misc. 3d 327, 874 N.Y.S.2d 347, 352 (Ct. Cl. 2008); *see also Brito*, 2022 WL 875099, at *11. As such, the two have been "analyzed together." *Sarit v. Westside Tomato, Inc.*, No. 18 Civ. 11524, 2020 WL 1891983, at *4 (S.D.N.Y. Apr. 16, 2020) (collecting cases).

Here, Defendant's biweekly pay schedule violated the FLSA. Because the NYLL sets the required pay date for manual laborers, it is unreasonable to pay such workers beyond that date. *See, e.g.*, *Cooke v. Frank Brunckhorst Co., LLC*, 722 F. Supp. 3d 127, 136-37 (E.D.N.Y. 2024), *on recon.*, 734 F. Supp. 3d at 208; *accord. Strain v. Sw. Airlines Co.*, No. 24 Civ. 8885, 2025 WL 1384156, at *1 (E.D.N.Y. May 13, 2025) ("[A] violation of NYLL § 191 could be one factor suggesting—and indeed an objective indication—that Southwest did not promptly pay its employees, and therefore constitute a violation of FLSA."); *Brito*, 2022 WL 875099, at *11. *See also Feliciano v. JPJ Franklin LLC*, No. 25 Civ. 1929 (E.D.N.Y. Aug. 14, 2025), Hr'g Tr. 11:17:23 (attached as Ex. G) (denying motion to dismiss FLSA and NYLL claims, where complaint alleged the biweekly payment of wages to fast-food workers).

Lastly, Plaintiff's assent to the payment schedule is irrelevant because parties cannot waive the FLSA's and NYLL's prompt-payment requirements. *See, e.g.*, *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960) (FLSA); *People v. Grass*, 257 A.D. 1, 3 (1st Dep't 1939) ("Contracts in contravention of this provision of the Labor Law are illegal and void.").

## III.    Plaintiff is Owed $4,492.61 in Damages and Costs.

Well pleaded allegations are accepted as true to determine liability but not to establish damages. *Ntalianis II*, 2019 WL 3716510, at *2. To do so, movants must prove that the monies sought relate to the injuries pleaded. *Id.*; *Callejas v. Hitano Servs., Inc.*, No. 15 Civ. 1123, 2016 WL 11440079, at *1 (E.D.N.Y. Aug. 10, 2016), *adopted*, 2016 WL 11431680 (E.D.N.Y. Sept. 30, 2016). Damages may be established "at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). The determination may be made upon the movant's papers alone "as long as the court has ensured that there was a basis for the damages specified in the default judgment." *Ntalianis II*, 2019 WL 3716510, at *2 (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (cleaned up)).

In the FLSA and NYLL context, the defendant's default deprives the movants of essential employment records and impedes the movant's proffer of damages. *Culajay v. P.M.F. Steel Corp.*, No. 16 Civ. 6597, 2018 WL 1936457, at *2 (E.D.N.Y. Feb. 21, 2018), *adopted*, 2018 WL 1796222 (E.D.N.Y. Mar. 20, 2018). As a result, and considering the burdens placed on employers to maintain accurate wage-and-hour records, "an employee may satisfy this evidentiary burden by relying on the employee's recollection and estimates of hours worked." *Id.*; *accord. Ntalianis II*, 2019 WL 3716510, at *2 (citing *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011)).

Though Plaintiff has established FLSA and NYLL liability, he cannot recover damages under both laws for the same injuries during the same time period. *Diaz v. Rene French Cleaners, Inc.*, No. 20 Civ. 3848, 2022 WL 4646866, at *6 (E.D.N.Y. Aug. 29, 2022), *adopted*, 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022). Because the FLSA provides for a greater recovery but a shorter statute of limitations, Plaintiff's damages analysis and the Proposed Order separate a FLSA-covered period from an NYLL-covered period. In other words, Plaintiff calculated damages for the 3-year period covered by the FLSA and the remainder under the NYLL.

## A. The Statute of Limitations Under the FLSA Covers a Portion Oo Plaintiff's Employment While the NYLL Captures the Remainder.

The NYLL applies a six-year statute of limitations. N.Y. Lab. Law §§ 198(3), 663(3); *Cordova v. Envi World LLC*, 23 Civ. 3630, 2025 WL 2589044, at *5 (E.D.N.Y. Sept. 8, 2025) (applying 6-year statute of limitations in default judgment). The FLSA applies a three-year statute of limitations. *See* 29 U.S.C. § 255; *Cordova*, 2025 WL 2589044, at *5 ("When a defendant defaults, the violation is considered willful and the three-year statute of limitations applies."). Plaintiff was employed by Defendant from May 2018 through December 2022. *See* Ex. A (Rios Colon Decl.) ¶ 1; Ex. A-1 (Offer Letter); DE 1 (Compl.) ¶ 12. Plaintiff filed the Complaint on July 13, 2023. *See* DE 1 (Compl.). Thus, his claims cover the entirety of his employment, which started in May 2018. The FLSA covers the period from July 13, 2020 to December 2022, while the NYLL reaches back to cover the remainder.

## B. Plaintiff is Owed $3,995.22 in Liquidated Damages and Statutory Damages.

The FLSA and NYLL apply distinct calculations of damages for untimely payment of wages. Under "the FLSA, Plaintiffs are entitled to liquidated damages equal to 100% the minimum wages for the untimely payments." *Coley v. Vannguard Urban Improvement Assoc.*, 12 Civ. 5565, 2018 WL 1513628, at * 14 (E.D.N.Y. Mar. 27, 2018). Under the NYLL, employers who paid

semi-monthly wages on a regular payday are subject to damages of "no more than one hundred percent of the lost interest found to be due for the delayed payment of wages calculated using a daily interest rate for each day payment is late based on the annual rate of interest then in effect." N.Y. Lab. Law § 198(1-a)(i).

Here, liquidated damages should be granted in full because Defendant cannot establish a good-faith defense, since it defaulted. Moreover, the Complaint demonstrates that Defendant's violations of the law were willful or otherwise committed in the absence of a good-faith belief. *See* DE 1 (Compl.) ¶¶ 57-61. As a result, Plaintiff is entitled to liquidated damages equal to 100% the unpaid minimum wage and overtime damages discussed in the preceding section for the FLSA-covered period. Plaintiff is further entitled to interest found to be due for the delayed payment of wages during the NYLL-covered period.

The liquidated damages in this case were calculated by first separating the NYLL period from the FLSA period and adding up all wages paid to Plaintiff, exclusive of vacation pay, sick pay, disability pay, and expense reimbursements. *See* Kaske Decl. ¶¶ 14-15; Exs. A-2-, A-3, A-4, F (Paystubs). For the NYLL, the total wages in this period were divided by two, as Plaintiff's wages were only late for the first week of each two-week period. *See* Kaske Decl. ¶ 16. Then, the late-paid wages were multiplied by 16% interest at a rate that accounts for the seven-day delay. *Id.* Thus, each wage category was multiplied by 0.16 x (7/365), resulting in $126.26 in damages. *Id.*

To arrive at the FLSA Period damages, earnings were divided up for both straight time hours and overtime by the rate paid to arrive at the number of hours that were paid for. *Id.* ¶ 17. That number was then divided by two, to account for the fact that Plaintiff's wages were only late for the first week of each two-week period, and then multiplied the result by $7.25, the minimum

wage, for all regular hours, and $36.00, Plaintiff's overtime rate, for his overtime hours. The result was $3,868.96 in FLSA period damages. *Id.*

Thus, total damages when adding the two periods together equal $3,995.22. *See id.*

**C.  The Court Should Order Defendant to Pay Post-Judgment Interest and an Automatic 15% Increase in the Value of the NYLL-Based Judgment, Before Post-Judgment Interest, Pursuant to Sections 198(4) and 663(4) of the NYLL, if the Judgment Goes Unpaid After 90 Days.**

"Plaintiffs are entitled to post-judgment interest on all money awards as a matter of right." *Tacuri v. Nithin Constr. Co.*, No. 14 Civ. 2908, 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015) (awarding post-judgment interest on "all sums awarded, including attorney fees and costs"); *see, e.g.*, *Diaz*, 2022 WL 4646866, at *12 ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (cleaned up)). "Under the statute, interest is calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [the date of the judgment." *Diaz*, 2022 WL 4646866, at *12 (citing 28 U.S.C. § 1961(a)). Thus, Plaintiff asks that the Court order Defendant to pay "post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961." *Jacome v. Optical 49, Inc.*, No. 20 Civ. 2615, 2021 WL 3375134, at *12 (E.D.N.Y. July 9, 2021), *adopted*, 2021 WL 3373130 (E.D.N.Y. Aug. 3, 2021); *see also* DE 1 (Compl.) at 15 (requesting post-judgment interest).

The NYLL also attempts to compel employers to promptly pay judgements against them by providing for a one-time increase to overdue judgments. *See Diaz*, 2022 WL 4646866, at *13. The automatic-increase provisions of Articles 6 and 19 provide that:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then

> pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

N.Y. Lab. Law §§ 198(4); 663(4). This one-time-enforcement mechanism is distinct from post-judgment interest, as interest will continue to accrue until payment is made. *Diaz*, 2022 WL 4646866, at *13. Thus, this one-time penalty "should not be imposed in lieu of a post-judgment interest award at the federal rate." *Id*. ("[M]any courts in this District have found that the application of both 28 U.S.C. § 1961 and NYLL §§ 198(4) and 663(4) is not mutually exclusive." (collecting cases)). The increase, however, only applies to damages awarded under the NYLL. *See, e.g.*, *Jacome*, 2021 WL 3375134, at *13 (recommending that "Plaintiff be awarded a [15%] increase in the amount of [NYLL] damages owed to him for any amounts unpaid after ninety days following the issuance of judgment or the expiration of the time to appeal.").

Plaintiff, therefore, requests the Court to order that if the judgment remains unpaid after 90 days, or 90 days after expiration of the time to appeal and no appeal is pending, the total amount of the judgment for the period covered by the NYLL be automatically increases by 15%.

### D. Plaintiff's Request for Costs of $497.39 is Reasonable.

Plaintiff seeks $497.39 in costs, consisting of $402 for filing with the Court, $22.71 in mailing fees, and $72.68 for service of process. *See* Kaske Decl. ¶ 18; Ex. D (Invoices).

## <u>CONCLUSION</u>

In total, Plaintiff is entitled to $4,492.61. Pursuant to the Court's Individual Rules and the Local Rule, Plaintiff submits a proposed order for the Court's consideration as Exhibit E.

Dated: Melville, New York
September 12, 2025

Respectfully submitted,

Garrett Kaske

Troy L. Kessler
Garrett Kaske

Benajmin Goldstein
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com
bgoldstein@kesslermatura.com

*Attorneys for Plaintiffs*