# **<u>Exhibit E</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
OMAR RIOS COLON, on behalf of himself and all   :
others similarly situated,                                :

                                          :   Case No.: 23 Civ. 5346 (JMA)(ARL)

                        Plaintiff,         :
       - against -                       :
                                          :
DECISIONONE CORPORATION,         :
                                          :
                       Defendant.        :
---------------------------------------------- X

## [PROPOSED] ORDER AND JUDGMENT

Before the Court is Plaintiff Omar Rios Colon's renewed motion for default judgment against Defendant DecisionOne Corporation ("Defendant"), for Defendant's failure to pay timely wages in violation of the 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") § 198 *et seq.* For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED.

### I.  DISCUSSION

#### A.  Defendant Defaulted.

Defendant was properly served with a summons and a copy of the complaint on July 27, 2023. (Docket Entry ("DE") 6.) According to the record, no answer, motion or other appearance was filed on behalf of Defendant. As a result, the Clerk properly entered notation of default on September 14, 2023, pursuant to Fed. R. Civ. P. 55(a). (DE 9.)

#### B.  Liability.

When a defendant defaults, the Court is required to accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. *Id.*

The Court finds that the Complaint's well-pleaded allegations meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. *See* 29 U.S.C. § 207(a)(1); NYLL §§ 2, 190 to 199-A; *see also Guerrero v. Danny's Furniture Inc.*, No. 19 Civ. 7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the Complaint establishes violations of: (i) the obligation to promptly pay an employee under the FLSA;[1] and (ii) the prompt-payment requirements of the NYLL.[2]

### C. Damages.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC,* 779 F.3d 182, 189 (2d Cir. 2015) (*quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an

---

[1] The FLSA imposes a prompt payment requirement. *Rogers v. City of Troy, N.Y.,* 148 F.3d 52, 55 (2d Cir. 1998); *Rosenbaum v. Meir*, No. 20 Civ. 4520, 2023 WL 2305960, at *5 (E.D.N.Y. Mar. 1, 2023). This obligation flows from Section 206(a) of the FLSA. *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 353 (S.D.N.Y. 2014). When considering whether a payment of wages was not sufficiently prompt, courts apply an objective analysis. *Rosenbaum*, 2023 WL 2305960, at *5; *see, e.g.*, *Strain v. Sw. Airlines Co.,* No. 24 Civ. 8885, 2025 WL 1384156, at *1 (E.D.N.Y. May 13, 2025) ("[A] violation of NYLL § 191 could be one factor suggesting—and indeed an objective indication—that [the defendant] did not promptly pay its employees [promptly], and therefore constitute a violation of FLSA."). Here, Plaintiffs have sufficiently alleged claims against Defendant for late-paid wages under the FLSA. (DE 1 (Compl.) ¶¶ 1-4, 6, 11-23, 67-75).

[2] The NYLL requires employers to pay manual workers no more than seven days after the end of each workweek. N.Y. Lab. Law § 191(1)(a). Manual workers are employees that perform physical labor. *Beh v. Cmty. Care Companions Inc.*, No. 19 Civ. 1417, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021) ("[C]arpentry workers, cooks, wait staff, grocery store employees, janitorial staff, hotel maids, airport chauffeurs, and pizzeria workers have been found to be 'manual workers.'" (collecting authorities)), *adopted*, 2021 WL 3914320 (W.D.N.Y. June 23, 2021). An employee qualifies as a manual worker if more than 25% of their workday is devoted to physical labor. *See* N.Y. Dep't of Lab., Op. Ltr, No. RO-08-0061 (December 4, 2008). Here, Plaintiff sufficiently alleged that he was a manual worker and was paid every other week. (DE 1 (Compl.) ¶¶ 1-4, 11-23, 47-48, 51-66, 76-81).

inquiry to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (*citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

In his default judgment motion, Plaintiff seeks recovery of liquidated damages. The Court finds that Plaintiff's submissions, including the declarations and attached exhibits, establish $3,995.22 in damages – $3,868.96 under the FLSA[3] and 126.26 under the NYLL[4] – to a reasonable certainty.

### D. Costs.[5]

Plaintiff requests litigation costs of $497.39 for filing fees, shipping costs, and process server fees. (DE 18-2 (Kaske Decl.) ¶ 18; DE 18-6, Ex. D (Invoices).)    The Court accepts this figure as reasonable and awards Plaintiffs $497.39 in costs.[6]

### E. Post-Judgment Interest and the NYLL's Automatic Increase.

The undersigned orders Defendant to pay post-judgment interest, to be calculated from the date the Clerk of Court enters this judgment until the date of payment, at the rate set forth in 28

---

[3] Under "the FLSA, Plaintiffs are entitled to liquidated damages equal to 100% the minimum wages for the untimely payments." *Coley v. Vannguard Urban Improvement Assoc.*, 12 Civ. 5565, 2018 WL 1513628, at * 14 (E.D.N.Y. Mar. 27, 2018). Under the NYLL, employers who paid semi-monthly wages on a regular payday are subject to damages of "no more than one hundred percent of the lost interest found to be due for the delayed payment of wages calculated using a daily interest rate for each day payment is late based on the annual rate of interest then in effect." N.Y. Lab. Law § 198(1-a)(i).

[4] Because the FLSA provides for a greater recovery but a shorter statute of limitations, Plaintiffs' damages distinguish the FLSA-covered period from the NYLL-covered period.

[5] Plaintiffs have not requested attorneys' fees in connection with the instant default judgment. (DE 18-2 (Kaske Decl.) ¶ 19).

[6] Costs generally include filing fees, service fees, and postage. *See Gesualdi v. Seacost Petroleum Prod., Inc.*, 97 F. Supp. 3d 87, 109 (E.D.N.Y. 2015) (collecting cases).

U.S.C. § 1961.[7] (*See* DE 1 (Compl.) at 12 (requesting post-judgment interest).) "Under the statute, interest is calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [the date of the judgment." *Diaz*, 2022 WL 4646866, at *12 (citing 28 U.S.C. § 1961(a)).

In accordance with Section 198(4) of the NYLL, the undersigned orders that if the judgment remains unpaid after 90 days, or 90 days after expiration of the time to appeal and no appeal is pending, the total amount of the NYLL portion of the judgment – that is, $94.73 – automatically increases by 15%.[8]

## CONCLUSION

For the foregoing reasons, the undersigned grants Plaintiff's motion, and awards damages in a manner consistent with this opinion.

**SO ORDERED.**

_____      _____
     JOAN M. AZRACK, United States District Judge              Date

---

[7] Plaintiff is entitled to post-judgment interest on all money awards. *Tacuri v. Nithin Constr. Co.*, No. 14 Civ. 2908, 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015) (awarding post-judgment interest on "all sums awarded, including attorney fees and costs"); *see, e.g.*, *Diaz v. Rene French Cleaners, Inc.*, No. 20 Civ. 3848, 2022 WL 4646866, at *12 (E.D.N.Y. Aug. 29, 2022) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (cleaned up)), *adopted*, 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022).

[8] The NYLL provides for an automatic increase to the value of this judgment if it remains unpaid after 90 days. N.Y. Lab. Law §§ 198(4); 663(4). This one-time-enforcement mechanism is distinct from post-judgment interest, as interest will continue to accrue until payment is made. *Diaz*, 2022 WL 4646866, at *13. This one-time penalty "should not be imposed in lieu of a post-judgment interest award at the federal rate." *Id.* ("[M]any courts in this District have found that the application of both 28 U.S.C. § 1961 and NYLL §§ 198(4) and 663(4) is not mutually exclusive." (collecting cases)). The increase only applies to damages awarded under the NYLL. *See, e.g.*, *Jacome v. Optical 49, Inc.*, No. 12 Civ. 2615, 2021 WL 3375134, at *13 (E.D.N.Y. July 9, 2021), *adopted*, 2021 WL 3373130 (E.D.N.Y. Aug. 3, 2021).